IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS HAGGARD, | No. C 06-07658 SI |
| Petitioner, | **ORDER DENYING RESPONDENT'S MOTION TO STAY ORDER GRANTING HABEAS PETITION PENDING APPEAL AND GRANTING RESPONDENT'S REQUEST FOR TEMPORARY STAY** |
| v. | |
| BEN CURRY, | |
| Respondent. | |

Respondent has filed a motion to stay the Court's August 11, 2010 order granting petitioner's habeas petition pending respondent's appeal to the Ninth Circuit. For the reasons set forth below, the motion is DENIED. Respondent's alternative request for a temporary stay is GRANTED.

**DISCUSSION**

Petitioner Lewis Haggard was convicted in 1979 of kidnaping for the purpose of committing robbery, and was sentenced to a term of 7 years to life. In a federal habeas petition filed with this Court pursuant to 28 U.S.C. § 2254, petitioner challenged the February 4, 2004 decision of the Board of Parole Hearings ("BPH") finding him unsuitable for parole. The Court granted the habeas petition on August 11, 2010 and ordered BPH to set a date for petitioner's release within thirty days of the order.

Ordinarily, "[t]here is a presumption of release pending appeal where a petitioner has been granted habeas relief." *O'Brien v. O'Laughlin*, 130 S. Ct. 5, 6 (2009). Respondent argues that the Court "should not" apply the presumption in petitioner's favor because this case involved only a challenge to the denial of parole, rather than a challenge to the underlying conviction. The Court was unable to locate any Supreme Court or Ninth Circuit authority indicating that the presumption of release does not

apply in the present circumstances. Even if the presumption does not apply, however, the Court finds that a stay is unwarranted under the traditional factors governing the issuance of a stay. These factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The factors should be applied flexibly to the facts of a particular case, and a court may also take into account other considerations such as "the possibility of flight," the "risk that the prisoner will pose a danger to the public if released," and "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal." *Id.* at 777.

## I.     Strong Showing of Likelihood of Success on the Merits

Respondent contends that it is likely to succeed on the merits of its appeal because this Court "improperly applied as clearly established federal law the . . . state law some-evidence test that did not exist when the Board denied Haggard parole in 2004." Mot. at 5. Respondent argues that "AEDPA's purpose is to enforce minimum federal Constitutional protections, not higher state law standards." *Id.* In applying the California "some evidence" test, however, the Court was following the Ninth Circuit's binding en banc decision in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010), as well as its subsequent panel decisions in *Pearson v. Muntz*, 606 F.3d 606 (9th Cir. 2010) and *Pirtle v. California Board of Prison Terms*, --- F.3d ----, 2010 WL 2732888, at *5 (9th Cir. July 12, 2010). Respondent is essentially arguing that *Hayward* and its progeny were wrongly decided, but these decisions are binding in this Circuit. This factor does not weigh in favor of granting a stay.

## II.    Irreparable Injury to the State

The second *Hilton* factor directs the Court to examine whether the stay applicant will be irreparably injured absent a stay. Respondent contends that it will be irreparably injured if a stay is not granted because this Court's order directing release rather than a new parole hearing "usurps the legislative mandate with which the Board is charged" as well as "the Governor's ability to exercise his

2

discretion in reviewing parole matters." Mot. at 7. Even assuming that the state is injured by the order directing petitioner's release rather than a new parole hearing, respondent has not explained how this injury is "irreparable" – in other words, why its interest in conducting parole proceedings cannot be vindicated if this Court's order is ultimately reversed on appeal. In granting the petition, the Court found that petitioner had community ties and specific plans for his release, including a stable and longstanding relationship with his wife, who has cancer and for whom petitioner will act as caretaker upon his release; a waiting offer of employment; and an NA sponsor. There is no indication that petitioner poses a risk of flight and that the state's interest in making parole decisions will therefore be irreparably harmed if petitioner is released pending appeal.

Respondent also argues that denial of a stay will irreparably injure the state's interest in ensuring public safety. The Court's granting of petitioner's habeas petition, however, centered on its finding that there was no evidence to support the determination that petitioner posed a current risk of danger to the public when he was denied parole in 2004. Thus, this factor cannot weigh in favor of granting a stay.

### III.    Substantial Injury to Petitioner

The third *Hilton* factor asks whether the granting of a stay will substantially injure any other party to the proceeding. Respondent suggests that petitioner will not be harmed if a stay is issued because the postponement of his "desire" to gain "early release" on parole does not amount to a significant hardship. Mot. at 7. The Court has concluded, however, that petitioner's release on parole is overdue by at least six years (measured from the date of the challenged parole hearing), and likely even longer. The substantial injury petitioner will continue to suffer if his release is stayed weighs strongly against granting a stay.

### IV.    Public Interest

The fourth and final factor to consider in ruling on a stay motion is where the public interest lies. Respondent argues that "deference should be afforded to the State's established parole procedures" and that "the public maintains an interest in preserving the Board's decision while the appeal of this Court's decision is pending." Mot. at 8. The Court does not disagree that the public has an interest in the

operation of state parole procedures without federal interference. The public also has an interest, however, in ensuring that state procedures are not applied in contravention of prisoners' due process rights. Thus, the public interest does not weigh for or against granting a stay.

In sum, the Court finds that the *Hilton* factors compel denial of a stay of petitioner's release pending appeal. *See Hilton*, 481 U.S. at 777-78 ("The interest of the habeas petitioner in release pending appeal . . . will be strongest where the factors mentioned in the preceding paragraph are weakest," particularly where the state does not make a strong showing on the merits).

## V. Temporary Stay

In the alternative, respondent requests a temporary stay to enable it to seek a stay from the Ninth Circuit. This alternative request is GRANTED. The Court's August 11, 2010 order granting petitioner's habeas petition and ordering respondent to set a date for his release is hereby STAYED until September 30, 2010.

## CONCLUSION

For the foregoing reasons, respondent's motion for a stay pending appeal is hereby DENIED. The alternative request for a temporary stay is GRANTED, and the Court's order granting the habeas petition is stayed until September 30, 2010. (Docket No. 28).

**IT IS SO ORDERED.**

Dated: August 25, 2010

SUSAN ILLSTON
United States District Judge