IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEWIS HAGGARD,

        Petitioner,

  v.

BEN CURRY,

        Respondent.
                                       /

No. C 06-07658 SI

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

      Petitioner Lewis Haggard, an inmate at the Correctional Training Facility in Soledad, California, filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254 in connection with the Board of Prison Terms'[1] ("Board") 2004 decision finding him unsuitable for parole. The court previously granted relief, finding that the state court unreasonably determined there was some evidence that petitioner posed a danger to society if released. Respondent appealed and the Ninth Circuit, citing intervening Supreme Court authority, vacated the court's order and remanded the matter for further proceedings. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (explaining that the only federal right at issue in the parole context is procedural, and the only proper inquiry is what process the inmate received, not whether the state court decided the case correctly). After the Supreme Court denied a petition for writ of certiorari, respondent filed a motion to dismiss in this court. Petitioner filed an opposition to respondent's motion to dismiss, and respondent filed a reply to the opposition. This matter is now before the court for consideration of the merits of petitioner's remaining claim. For the reasons discussed below, the motion to dismiss is GRANTED and the petition for writ of habeas corpus is DENIED.

---

[1] The Board of Prison Terms has been renamed the Board of Parole Hearings.

**BACKGROUND**

In 1979, petitioner was convicted of kidnap for the purpose of committing robbery and was sentenced to an indeterminate term of seven years to life in prison. Respondent's Exhibit ("Resp. Exh.") A. On December 14, 2006, Petitioner filed this petition for writ of habeas corpus challenging the Board's 2004 decision finding him unsuitable for parole. Habeas Petition ("Pet.") 2. This was the Board's thirteenth denial of parole, twenty-four years into petitioner's sentence. *Id.* at 7 n. 11.

**STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *see Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of §2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *See Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of §2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Id.* at 411. Rather, the state court's application of federal law must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). In this case, the last reasoned opinion is the San Mateo County Superior Court's August 11, 2005 order denying petitioner's state habeas petition. Resp. Exh. F.

**DISCUSSION**

Petitioner's sole remaining claim for federal habeas relief is that his due process rights were violated because the Board's 2004 parole denial breached the terms of his plea agreement. Pet. 11-12. Respondent seeks to dismiss the petition as barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Motion to Dismiss ("Motion" 3-5).

**I.    AEDPA**

AEDPA's one-year statute of limitations begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). If the factual predicate of the claim was discovered prior to the enactment of AEDPA, the one-year period for filing a habeas petition in federal court begins on AEDPA's effective date of April 24, 1996. *See Ford v. Pliler*, 590 F.3d 782, 784 (9th Cir. 2009).

Respondent argues that petitioner became aware of the factual predicate for his claim on April 17, 1985, the date of his first parole denial, because that was the date on which he became aware that he would not be released pursuant to the terms of his plea agreement as he understood them. Motion 4. Accordingly, petitioner had until April 24, 1997 to file a federal habeas petition challenging the alleged breach of his plea agreement. *Id.* Petitioner argues that each parole denial gave rise to a separate, actionable breach of the plea agreement, and that therefore the factual predicate for the instant claim arose on the date his thirteenth parole denial became final, making his petition timely. Opposition to Motion to Dismiss ("Opposition") 2-3.

Petitioner's theory is not consistent with the reasoning of several district courts which have considered similar issues. *See Grant v. Salazar*, 2009 WL 2566947 at *11 (C.D. Cal. 2009) (an inmate asserting that the Board breached his plea agreement by continuing to incarcerate him beyond a

3

promised release date should have been aware of the factual predicate of his claim no later than the date he believes his sentence should have expired); *Murphy v. Espinoza*, 401 F.Supp.2d 1048, 1052-53 (C.D. Cal. 2005) (petitioner alleging that the Board breached his plea agreement by continuing to incarcerate him beyond his parole date should have been aware of the factual predicate of his claim no later than the date he believed his sentence should have expired); *see also Caldwell v. Sisto*, 2007 WL 4940290 at *6 (C.D. Cal. 2007) (petitioner claiming that his plea was made in exchange for the guarantee of parole after serving no more than 11 years, could not have discovered through due diligence the factual predicate of his breach of his claim until he had served 11 years and still had not been released on parole). The court is unable to locate any legal authority to support petitioner's argument that each parole denial gives rise to a new factual predicate under section 2244(d)(1)(D). *See e.g. Fernandez v. McDonald*, 2012 WL 1552765 at *2 (E.D. Cal. 2012) (rejecting the notion that criminal defendants have a constitutional right to enforce their plea agreement "contracts" at any time).

Under Section 2244(d)(1)(D), petitioner was, or with the exercise of reasonable diligence should have been, aware of the factual predicate of this claim no later than January 17, 1987, the date he believes his sentence should have expired. Because this date preceded the effective date of AEDPA, petitioner had until April 24, 1997 to file a federal petition challenging the breach of his plea agreement. Since the instant petition was not filed until December 14, 2006, the claim is untimely. For these reasons, this action is barred by the statute of limitations.

## II.    Merits

Even assuming that his petition were timely, petitioner fails to demonstrate that the plea agreement called for him to be released after seven years. The state court found no evidence of a promise or representation regarding parole eligibility at the time of the plea, and concluded that there was no violation of any term of the plea agreement requiring habeas relief. Resp. Exh. F.

The change of plea order clearly reflects that the maximum penalty that could be imposed was life imprisonment with the *possibility* of parole after a *minimum* of seven years in prison. Declaration Concerning Change of Plea ("Declaration") (emphasis added). The sentence did not guarantee a parole date, and carried with it the potential that petitioner could serve the entire term. *See Pearson v. Muntz*,

639 F.3d 1185, 1187 (9th Cir. 2011) (explaining that prisoners serving indeterminate life prison sentences (i.e., those whose life sentences do not include "without the possibility of parole") may serve up to life in prison, but may be considered for parole after serving minimum terms of confinement. There is nothing in the record to support the proposition that the parties entered into an agreement that contemplated petitioner's release after seven years. Petitioner's misunderstanding about the legal significance of his sentence does not provide a basis for relief.

The state court's determination that there was no breach of the plea agreement was not contrary to, or an unreasonable application of clearly established federal law as determined by the Supreme Court, nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d); *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001).

## III. Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is

straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set out above, jurists of reason would not find this Court's dismissal of the habeas petition debatable.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss is GRANTED, and the petition for a writ of habeas corpus is DENIED. A Certificate of Appealability also is DENIED. *See* Rule11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Dated: August 1, 2013

SUSAN ILLSTON
United States District Judge